**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**AMBROSE MOSES, III,**

        **Plaintiff,**

  **vs.**                                 **Civil Action 2:99-CV-1357**
                                         **Magistrate Judge King**

**STERLING COMMERCE (AMERICA)**
*et al.,*

        **Defendants.**

## ORDER

On September 17, 2002, this Court granted defendants' motion for sanctions, awarding defendants $7,106.25 in connection with plaintiff's failure to comply with his discovery obligations and this Court's orders. Doc. No. 97. Plaintiff's refusal to participate in the discovery process persisted and, on July 1, 2003, the action was dismissed on that basis. Doc. Nos. 130, 131. The United States Court of Appeals for the Sixth Circuit affirmed this Court's judgment. *Moses v. Sterling Commerce (America) Inc.,* Case No. 03-4172 (6th Cir., January 3, 2005). This matter is now before the Court on defendants' renewed motion to correct the judgment, pursuant to F.R. Civ. P. 60(a), to expressly include the September 17, 2002, award of monetary sanctions against plaintiff.

Plaintiff objects to the motion, first, on the basis that the undersigned lacks jurisdiction to act in this case in "the absence of an Article III district judge." *Memorandum in Opposition,* at p.1. Doc. No. 148. This argument was soundly rejected by the Court of Appeals.

Plaintiff next contends that, because the Court lacked jurisdiction to stay consideration of defendants' motion during the

pendency of the appeal, it is improper to now "circumvent the requirements of Civil Rule 60(a) and return the Defendants' motion to its docket." *Id.* With the issuance of the mandate of the court of appeals, however, the case is once again before this Court for consideration of any motion of the parties.

Finally, plaintiff contends that, with the entry of final judgment dismissing the case, the earlier award of sanctions "was dissolved, is unenforceable, and has no legal effect. ..." *Id.,* at p.2. Moreover, plaintiff argues, this Court "did not intend to impose both a dismissal and the $7,106.25." *Id.* Plaintiff is mistaken in his characterization of this Court's intention in dismissing the case.

Defendants' motion to alter and correct the judgment of July 1, 2003, to expressly include the award of sanctions is meritorious. Doing so will permit defendants to enforce the award, and plaintiff has offered no good reason why defendants should not be permitted to do so.

Accordingly, defendants' motion to alter or correct the judgment to expressly include the September 17, 2002, award of sanctions against plaintiff is **GRANTED.**

The Clerk shall enter **FINAL JUDGMENT DISMISSING** this case for failure to participate in the discovery process and to comply with the orders of this Court and **AWARDING** to defendants and against plaintiff monetary sanctions under Rule 37 of the Federal Rules of Civil Procedure in the amount of $7,106.25.


May 5, 2005                                          *s/Norah McCann King*
                                                      Norah M<sup>c</sup>Cann King
                                                 United States Magistrate Judge